**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando ESQUIVEL–ROMAN,**
**Defendant–Appellant.**

No. 03–10563
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 2003.

Denise B. Williams, US Attorney's Office, Lubbock, TX, for Plaintiff–Appellee.

Jerry V. Beard, Assistant Federal Public Defender, Federal Public Defender's Office, Lubbock, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Armando Esquivel–Roman pleaded guilty to count one of an indictment charging him for re-entering the United States illegally after deportation. He was sentenced to a 30–month term of imprisonment and to a three-year period of supervised release.

Esquivel contends that the district court erred in refusing to depart downward on grounds of cultural assimilation. The record reflects that the downward departure was denied because the district court believed it was unwarranted. We lack jurisdiction to review this ruling. *See United States v. Rodriguez–Montelongo,* 263 F.3d

429, 431 (5th Cir.2001). The appeal is dismissed in part.

Esquivel's offense level was raised by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D) because he was convicted for an aggravated felony prior to deportation. Esquivel contends that the prior conviction constituted an element of the offense under 8 U.S.C. § 1326(b) and should not be regarded as a mere sentencing factor. Because the fact of the prior conviction was not alleged in the indictment, he contends, his maximum sentence should have been no more than 24 months under 8 U.S.C. § 1326(a). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that *Almendarez–Torres* has been called into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The district court's judgment is affirmed in part.

AFFIRMED IN PART; DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.